# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ODELL WILSON,

    Plaintiff,

v.

WARDEN OF
WARREN COUNTY NEW JERSEY
CORRECTIONAL FAC JOHN DOE, et al,

    Defendants.

Civ. No. 18-3211 (PGS-TJB)

**MEMORANDUM OPINION**

1. Plaintiff Odell Wilson filed this complaint in the United States District Court for the Southern District of New York on October 11, 2017. (ECF No. 2). *See also Wilson v. Doe*, No. 1:17-cv-07791 (S.D.N.Y. Oct. 11, 2017).

2. The court granted his *in forma pauperis* application under 28 U.S.C. § 1915 on January 23, 2018. (ECF No. 8).

3. On February 27, 2018, the court transferred Plaintiff's claims against Defendant "Warden of Warren County New Jersey Correctional Fac. John Doe" ("WCCF Warden"), and his claims arising from his June 18, 2008 arrest and subsequent confinement in Warren County, New Jersey to this District for consideration. The court dismissed the New York claims as barred by Eleventh Amendment immunity and the statute of limitations and for being frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). (ECF No. 9).

4. This Court must now review the remaining claims of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from suit.

13.  Section 1983 claims are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

14.  Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

15.  False arrest claims accrue at the time of arrest, and "[a] claim of false imprisonment accrues when a person is detained without legal process (the claims ends once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges)." *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)).

16.  Plaintiff was arrested on June 18, 2008. He knew at that time that he had not been sentenced to a period of parole supervision, and therefore the parole warrant could not have been properly issued. His false arrest claim was due June 18, 2010, seven years before he submitted his complaint to prison authorities for mailing.

17.  Plaintiff was detained in Warren County between June 18 and September 17, 2008 before being turned over to NYPD custody. (ECF 2 at 8). Any false imprisonment claims he had against the Warden of the WCCF were due September 17, 2010. Even if his claim did not accrue until he was released from Rikers Island after the dismissal of the parole charge, which occurred on or about July 17, 2009 based on Plaintiff's allegation that he spent 10 months in custody on the parole charge, his complaint was due July 18, 2011.[1] Again, Plaintiff did not file his complaint until 2017.

---

[1] Because July 17, 2009 was a Sunday, the last day of the filing period was extended to Monday, July 18, 2011. Fed. R. Civ. P. 6(a)(1)(C).

3

18. Plaintiff's only reason for the delay is that he was unware he could file a lawsuit. (ECF No. 2 at 4). This is not a sufficient reason to equitably toll the statute of limitations. The Court will dismiss the complaint with prejudice as Plaintiff cannot cure this legal deficiency.

19. Plaintiff's motion for the appointment of counsel is denied as the complaint is being dismissed. (ECF No. 7). *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (requiring there to be some merit in fact or law as threshold to appointing counsel).

20. An appropriate order follows.

8/9/18
Date

Peter G. Sheridan, U.S.D.J.